State of Nebraska, appellee, v.
David C. Phelps, appellant.
___ N.W.2d ___

Filed June 14, 2013.    No. S-12-1021.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from post-conviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

2. **Postconviction: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.

3. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion.

4. **Postconviction.** Postconviction proceedings are not a tool whereby a defendant can continue to bring successive motions for relief.

5. ____. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.

6. **Postconviction: Appeal and Error.** An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion.

7. **Postconviction.** The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable.

8. **Postconviction: Constitutional Law: Proof.** In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.

9. ____: ____: ____. A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.

10. **Postconviction: Proof.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.

11. **Postconviction: Motions for New Trial: Time: Evidence.** A motion for postconviction relief cannot be used to obtain, outside of the 3-year time limitation under Neb. Rev. Stat. § 29-2103 (Reissue 2008), what is essentially a new trial based on newly discovered evidence.

12. **Postconviction: Right to Counsel.** Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether to appoint counsel to represent the defendant.

13. **Postconviction: Justiciable Issues: Right to Counsel: Appeal and Error.**
    When the defendant's petition presents a justiciable issue to the district court for
    postconviction determination, an indigent defendant is entitled to the appointment
    of counsel. Where the assigned errors in the postconviction petition before the
    district court are either procedurally barred or without merit, establishing that the
    postconviction proceeding contained no justiciable issue of law or fact, it is not
    an abuse of discretion to fail to appoint counsel for an indigent defendant.

Appeal from the District Court for Madison County: James
G. Kube, Judge. Affirmed.

Melissa A. Wentling, Madison County Public Defender, and
Kyle Melia for appellant.

Jon Bruning, Attorney General, and James D. Smith for
appellee.

Wright, Connolly, Stephan, McCormack, and Cassel, JJ.,
and Irwin, Judge.

Stephan, J.
David C. Phelps appeals from an order finding his motion
for postconviction relief should be denied without an eviden-
tiary hearing. Because we conclude that Phelps' motion failed
to allege sufficient facts which, if proved, would entitle him
to postconviction relief, we affirm the judgment of the dis-
trict court.

## BACKGROUND

Phelps was convicted of kidnapping in the 1987 disappear-
ance of 9-year-old Jill Cutshall, and he was sentenced to life
imprisonment. We affirmed his conviction and sentence in
1992.[1] In 2012, Phelps filed the underlying motion for post-
conviction relief in the district court for Madison County.
The motion alleged that he had just recently learned of the
existence of newly discovered evidence in the form of a diary.
Phelps alleged that the diary had "disturbingly graphic detail
of the abduction, rape, and murder of four women at [a] farm
near Chambers, Nebraska," and that Cutshall was one of the

---

[1] *State v. Phelps*, 241 Neb. 707, 490 N.W.2d 676 (1992).

four victims. Phelps alleged that the diary was in the possession of the Valley County Attorney or the Nebraska Attorney General and that it was "only given to authorities" around March 7.

The district court denied postconviction relief. It reasoned that Phelps had not alleged any facts related to the abduction, rape, or murder of Cutshall and that thus, it was not necessary to conduct an evidentiary hearing. The court also found that to the extent Phelps' motion sought a new trial, it was improper because it was filed more than 3 years after the verdict.[2] In addition, the court found that the postconviction motion was procedurally barred by Phelps' two previous postconviction requests, which were both denied. Phelps filed this timely appeal.

## ASSIGNMENTS OF ERROR

Phelps assigns as error the district court's determination that his postconviction motion was procedurally barred and that it did not contain sufficiently specific factual allegations to require an evidentiary hearing. He also assigns that the district court abused its discretion in denying his request for the appointment of postconviction counsel.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[3]

[2,3] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.[4] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion.[5]

---

[2] Neb. Rev. Stat. §§ 29-2101(5) and 29-2103(4) (Reissue 2008).

[3] *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

[4] *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012); *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011).

[5] *Id*.

## ANALYSIS

### PROCEDURAL BAR

The first question before us is whether this postconviction proceeding is procedurally barred. In 2009, Phelps filed his first motion for postconviction relief. In 2010, the motion was denied without an evidentiary hearing. In 2011, Phelps filed a petition to vacate and set aside his sentence. The district court treated this petition as a second motion for postconviction relief and again denied relief without conducting an evidentiary hearing.

[4-6] Postconviction proceedings are not a tool whereby a defendant can continue to bring successive motions for relief.[6] The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.[7] Thus, an appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion.[8]

Phelps filed the postconviction motion at issue on August 9, 2012. In it, he alleged that he is entitled to relief based on a diary that was first given to authorities in March. Because Phelps' motion affirmatively shows on its face that the ground for relief could not have been asserted at the time of the prior postconviction proceedings, the current proceeding is not procedurally barred. The district court erred in finding it was.

### SUFFICIENCY OF ALLEGATIONS

[7,8] The next question is whether Phelps alleged sufficient facts to entitle him to an evidentiary hearing on his postconviction motion. The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012), provides that postconviction relief is available to a prisoner

---

[6] *Hall v. State*, 264 Neb. 151, 646 N.W.2d 572 (2002); *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999).

[7] *State v. Watkins, supra* note 4; *State v. Lotter*, 278 Neb. 466, 771 N.W.2d 551 (2009).

[8] *State v. Watkins, supra* note 4.

in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable.[9] Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.[10]

[9,10] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.[11] If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.[12]

[11] Phelps alleged no factual basis on which a court could conclude that his judgment of conviction was void or voidable because of a violation of his constitutional rights at trial or in the prosecution of his case. His allegations focus solely upon the diary, which he characterizes as "newly discovered evidence." Phelps alleges that because the time period for filing a motion for new trial based on newly discovered evidence has elapsed, his only means of bringing the diary to the court's attention is through a motion for postconviction relief. He is only partially correct. It is true that under § 29-2103, a motion for new trial based upon newly discovered evidence in a criminal case cannot be filed more than 3 years after the date of the verdict. But we have held that a motion for postconviction relief cannot be used to obtain, outside of the 3-year time limitation under § 29-2103, what is essentially a new trial

---

[9] *State v. Molina*, 279 Neb. 405, 778 N.W.2d 713 (2010); *State v. York*, 278 Neb. 306, 770 N.W.2d 614 (2009).

[10] *State v. Gunther*, 278 Neb. 173, 768 N.W.2d 453 (2009); *State v. Jim*, 275 Neb. 481, 747 N.W.2d 410 (2008).

[11] *State v. Watkins, supra* note 4.

[12] *Id*.

based on newly discovered evidence.[13] Therefore, postconviction is not a viable remedy for Phelps' newly discovered evidence claim.

We have acknowledged the possibility that a postconviction motion asserting a persuasive claim of actual innocence might allege a constitutional violation, in that such a claim could arguably amount to a violation of a movant's procedural or substantive due process rights.[14] However, in order to even trigger a court's consideration of whether continued incarceration could give rise to a constitutional claim that can be raised in a postconviction motion, there must be "[a] strong demonstration of actual innocence" "because after a fair trial and conviction, a defendant's presumption of innocence disappears."[15] Indeed, the U.S. Supreme Court has held that the threshold is "extraordinarily high."[16]

In *Herrera v. Collins*,[17] the Court concluded that this threshold was not met by affidavits stating that another person had committed the crime. The affidavits, which were made years after the conviction, contained hearsay and inconsistencies. Considering the affidavits in light of the evidence of the defendant's guilt at trial, the Court concluded that "this showing of innocence falls far short of that which would have to be made in order to trigger the sort of constitutional claim which we have assumed, *arguendo*, to exist."[18]

We concluded that the threshold showing of actual innocence had not been met in *State v. Lotter*.[19] In that case, the defendant sought postconviction relief based upon an affidavit from a trial witness which was signed 14 years after the crime.

---

[13] *State v. Lotter, supra* note 7. See, also, *State v. El-Tabech*, 259 Neb. 509, 610 N.W.2d 737 (2000).

[14] See, *State v. Edwards, supra* note 3. *State v. Lotter, supra* note 7. See, also, *State v. El-Tabech, supra* note 13 (Gerrard, J., concurring).

[15] *State v. Edwards, supra* note 3, 284 Neb. at 401, 821 N.W.2d at 698.

[16] *Herrera v. Collins*, 506 U.S. 390, 417, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993).

[17] *Id*.

[18] *Id*., 506 U.S. at 418-19.

[19] *State v. Lotter, supra* note 7.

In the affidavit, the witness recanted his trial testimony and claimed that he, and not the defendant, had fired the fatal shots in three murders. The witness had also been convicted of the murders and was serving life sentences. We concluded that the alleged recantation, when viewed in the context of the evidence at trial, did not constitute a showing of actual innocence sufficient to warrant an evidentiary hearing.

We reach the same conclusion here. Like the defendants in *Herrera* and *Lotter*, Phelps does not come before the court in this postconviction case "as one who is 'innocent,' but, on the contrary, as one who has been convicted by due process of law."[20] Phelps' postconviction claim that he was "wrongfully convicted" is based entirely upon the unsworn diary, which he alleges "will result in [his] exoneration." Like the affidavits in *Herrera* and *Lotter*, the diary surfaced many years after the crime and resulting conviction. Phelps has not alleged any personal knowledge of the actual content of the diary or explained in any detail how its contents would necessarily exonerate him of the crime. His allegations are speculative and conclusory. When viewed in light of the trial evidence, as summarized in our opinion on direct appeal, Phelps' allegations fall far short of the "extraordinarily high" threshold showing of actual innocence which he would be required to make before a court could even consider whether his continued incarceration would give rise to a constitutional claim. The district court did not err in concluding that Phelps did not allege facts sufficient to necessitate an evidentiary hearing.

### Appointment of Counsel

[12,13] Phelps also claims that the district court abused its discretion in denying his request for the appointment of counsel. Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether to appoint counsel to represent the defendant.[21] When the defendant's petition presents a justiciable issue to the district court for postconviction determination, an indigent defendant is entitled to the

---

[20] *Herrera v. Collins, supra* note 16, 506 U.S. at 399-400.

[21] *State v. Yos-Chiguil, supra* note 4.

appointment of counsel.[22] Where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant.[23]

As we have noted, Phelps has not alleged facts sufficient to entitle him to an evidentiary hearing on his postconviction claim, and thus has raised no justiciable issue of law or fact. The district court did not abuse its discretion in declining to appoint counsel.

## CONCLUSION

For the reasons discussed, we affirm the judgment of the district court.

AFFIRMED.

MILLER-LERMAN, J., participating on briefs.
HEAVICAN, C.J., not participating.

───────────

[22] *Id.*

[23] *Id.*

───────────

TIMOTHY E. FITZGERALD, APPELLEE AND CROSS-APPELLANT, V.
CAMILLE M. FITZGERALD, NOW KNOWN AS CAMILLE M.
FANGMEIER, APPELLANT AND CROSS-APPELLEE.
___ N.W.2d ___

Filed June 14, 2013.    No. S-12-1049.

1. **Jurisdiction.** The question of jurisdiction is a question of law.
2. **Default Judgments: Motions to Vacate: Appeal and Error.** In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion.
3. **Modification of Decree: Child Custody: Final Orders: Appeal and Error.** Ordinarily, an order modifying a dissolution decree to grant a permanent change of child custody would be final and appealable as an order affecting a substantial right made during a special proceeding.