to proceed with the hearing of a forcible entry and detainer action until it is clearly established that the question to be determined is one of title.[32] Because upon trial, the evidence did not show that the action concerned a present question of title, the county court had jurisdiction to issue the writ of restitution. The Marcuzzos' second assignment of error also lacks merit. We find no plain error appearing on the record.

## CONCLUSION

Because the Marcuzzos failed to offer evidence of a question of title until after that question had been resolved, the county court properly exercised jurisdiction. We find no plain error appearing on the record. We therefore affirm the judgment of the district court, which affirmed the county court's judgment.

Affirmed.

---

[32] See *Pettit, supra* note 18.

---

State of Nebraska, appellee, v.
Niccole A. Wetherell, appellant.
___ N.W.2d ___

Filed October 24, 2014.    No. S-13-805.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.
2. **Constitutional Law: Sentences.** Whether a sentence violates the Eighth Amendment's cruel and unusual punishment clause presents a question of law.
3. **Judgments: Appeal and Error.** When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.
4. **Postconviction: Right to Counsel: Appeal and Error.** Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion.
5. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
6. **Postconviction: Constitutional Law: Proof.** A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion

contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.

7. **Postconviction: Proof.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.

8. **Postconviction: Appeal and Error.** An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion.

9. **Postconviction: Right to Counsel.** There is no federal or state constitutional right to an attorney in state postconviction proceedings.

10. ____: ____. Under the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012), it is within the discretion of the trial court whether to appoint counsel to represent the defendant.

11. **Postconviction: Justiciable Issues: Right to Counsel: Appeal and Error.** When the defendant's motion presents a justiciable issue to the district court for postconviction determination, an indigent defendant is entitled to the appointment of counsel. Where the assigned errors in the postconviction motion before the district court are either procedurally barred or without merit, establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant.

Appeal from the District Court for Sarpy County: WILLIAM B. ZASTERA, Judge. Affirmed.

Niccole A. Wetherell, pro se.

Jon Bruning, Attorney General, and Stacy M. Foust for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

In 1999, Niccole A. Wetherell pled no contest to first degree murder, a Class IA felony, and a three-judge panel imposed a mandatory sentence of life imprisonment. Wetherell was 18 years old at the time of the offense. Her conviction and sentence were affirmed by this court on direct appeal. The denial of her first postconviction motion was later affirmed. Wetherell filed a second motion for postconviction relief pro se, and this is the motion which gives rise to this appeal.

In her motion, Wetherell claimed that because she was a "minor" as defined under certain Nebraska law at the time of her offense, her mandatory life sentence without the possibility of parole is cruel and unusual and, therefore, unconstitutional under *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (*Miller*). *Miller* generally held that mandatory life sentences without the possibility of parole for persons under 18 at the time they committed their offense were unconstitutional. For relief, Wetherell sought a resentencing.

The district court for Sarpy County determined that because Wetherell was not under the age of 18 at the time of her offense, *Miller* does not apply to her case. The court denied her motion without conducting an evidentiary hearing and without appointing counsel. Wetherell appeals. Because we determine that Wetherell has failed to allege any facts which, if proved, constitute an infringement of her constitutional rights and the records and files show she is entitled to no relief, we affirm.

## STATEMENT OF FACTS

On March 24, 1999, Wetherell pled no contest to first degree murder, a Class IA felony. The offense for which Wetherell was charged occurred in September 1998. Wetherell was born in July 1980. She was 18 years old when the offense occurred. A three-judge panel rejected the death penalty and imposed a mandatory sentence of life imprisonment.

Wetherell's conviction and sentence were affirmed by this court on direct appeal. See *State v. Wetherell*, 259 Neb. 341, 609 N.W.2d 672 (2000). The sole error Wetherell assigned in her direct appeal was that the district court erred when it did not permit her to withdraw her plea prior to sentencing.

On August 1, 2007, Wetherell filed her first motion for postconviction relief. The district court denied the motion without an evidentiary hearing, and the denial was affirmed by this court on January 31, 2008, in case No. S-07-939.

Wetherell later filed a second motion for postconviction relief pro se. This is the motion which gives rise to this appeal. In her second motion for postconviction relief, Wetherell

alleged that she was 18 years old at the time of the offense but claimed that under Neb. Rev. Stat. § 43-2101 (Cum. Supp. 2012), she was still a "minor." Section 43-2101 states, inter alia, that "[a]ll persons under nineteen years of age are declared to be minors . . . ." Based on her "minor" status at the time of the offense, Wetherell contends that her mandatory life sentence is unconstitutional under *Miller* and that she is entitled to be resentenced under 2013 Neb. Laws, L.B. 44, which generally deals with sentencing juveniles convicted of Class IA felonies who were "under the age of eighteen years" when they committed the offense. See Neb. Rev. Stat. § 28-105.02 (Supp. 2013).

The district court denied Wetherell's second motion for postconviction relief without an evidentiary hearing and without appointing counsel. The district court noted that by their terms, both *Miller* and L.B. 44 apply to offenders who were under the age of 18 years at the time of the offense. Because it is undisputed that Wetherell was 18 years old at the time she committed the offense, the district court concluded that *Miller* and the relief afforded by L.B. 44 do not apply to her case. Therefore, the court determined that Wetherell failed to establish a basis for postconviction relief, and it denied her motion without an evidentiary hearing and without appointing counsel.

Wetherell appeals.

## ASSIGNMENTS OF ERROR

Wetherell claims, restated, that the district court erred when it (1) denied her motion for postconviction relief, because under *Miller*, her life sentence was imposed in violation of the cruel and unusual punishment provisions of the Nebraska and U.S. Constitutions, and (2) failed to appoint counsel to represent her on her second motion for postconviction relief.

## STANDARDS OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files

affirmatively show that the defendant is entitled to no relief. *State v. Dragon*, 287 Neb. 519, 843 N.W.2d 618 (2014).

[2,3] Whether a sentence violates the Eighth Amendment's cruel and unusual punishment clause presents a question of law. *State v. Mantich*, 287 Neb. 320, 842 N.W.2d 716 (2014), *cert. denied* No. 13-1348, 2014 WL 1831466 (U.S. Oct. 6, 2014). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Id*.

[4] Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010).

[5] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *State v. Kudlacz*, 288 Neb. 656, 850 N.W.2d 755 (2014).

## ANALYSIS

*First Assignment of Error:*
*Resentencing Under* Miller.

In her first assignment of error, Wetherell claims that the district court erred when it denied her motion for postconviction relief without an evidentiary hearing. Wetherell contends that because she was a "minor" under Nebraska law at the time of her offense, *Miller* applies to her case. Wetherell asserts that her life sentence is in violation of the cruel and unusual punishment provisions of the Nebraska and U.S. Constitutions and that she is entitled to resentencing. We find no merit to this assignment of error.

*Applicable Law.*

In *Miller*, the U.S. Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. at 2460. In *State v. Castaneda*, 287 Neb. 289, 842 N.W.2d 740 (2014), we observed that life imprisonment sentences imposed on juveniles in Nebraska for first degree murder prior to *Miller* were mandatory sentences and were effectively life imprisonment without parole. See, also, *State v. Ramirez*, 287 Neb. 356, 842 N.W.2d 694 (2014). Applying our observation regarding

mandatory life imprisonment sentences under Nebraska's sentencing scheme, Wetherell's sentence was tantamount to life imprisonment without the possibility of parole.

In *Mantich, supra*, this court concluded that the U.S. Supreme Court's holding in *Miller* was a substantive change to the law that applies retroactively on collateral review. Therefore, because this court has stated that *Miller* applies retroactively on collateral review, *Miller* may be considered in connection with Wetherell's second motion for postconviction relief.

In response to *Miller*, the Nebraska Legislature passed, and the Governor approved, L.B. 44, which amended state law to "'change penalty provisions with respect to Class IA felonies committed by persons under eighteen years of age [and] to change parole procedures with respect to offenses committed by persons under eighteen years of age.'" *State v. Castaneda*, 287 Neb. at 314, 842 N.W.2d at 759.

Section 2 of L.B. 44 was codified at § 28-105.02, and provides:

> (1) Notwithstanding any other provision of law, the *penalty for any person convicted of a Class IA felony for an offense committed when such person was under the age of eighteen years* shall be a maximum sentence of not greater than life imprisonment and a minimum sentence of not less than forty years' imprisonment.
>
> (2) In determining the sentence of a convicted person under subsection (1) of this section, the court shall consider mitigating factors which led to the commission of the offense. The convicted person may submit mitigating factors to the court, including, but not limited to:
>
> (a) The convicted person's age at the time of the offense;
>
> (b) The impetuosity of the convicted person;
>
> (c) The convicted person's family and community environment;
>
> (d) The convicted person's ability to appreciate the risks and consequences of the conduct;
>
> (e) The convicted person's intellectual capacity; and

(f) The outcome of a comprehensive mental health evaluation of the convicted person conducted by an adolescent mental health professional licensed in this state. The evaluation shall include, but not be limited to, interviews with the convicted person's family in order to learn about the convicted person's prenatal history, developmental history, medical history, substance abuse treatment history, if any, social history, and psychological history.

(Emphasis supplied.)

Section 3 of L.B. 44 was codified at Neb. Rev. Stat. § 83-1,110.04 (Supp. 2013), and generally provides that an "*offender who was under the age of eighteen years* when he or she committed the offense," if the offender is denied parole, shall be considered for parole annually after the denial. (Emphasis supplied.)

*Postconviction Motion*
*Not Time Barred*.

As an initial matter, the State has suggested that Wetherell's postconviction motion is time barred. We disagree. Given the not unreasonable, albeit unpersuasive, assertion by Wetherell that *Miller* applies, we determine that Wetherell's second postconviction motion, to the extent it relies on *Miller* as made retroactive by *State v. Mantich*, 287 Neb. 320, 842 N.W.2d 716 (2014), *cert. denied* No. 13-1348, 2014 WL 1831466 (U.S. Oct. 6, 2014), is not time barred. The statutory limitation periods regarding postconviction motions are found at Neb. Rev. Stat. § 29-3001(4) (Cum. Supp. 2012) and provide that a 1-year limitation period applies to the filing of a motion for postconviction relief and that such period begins to run on the later of one of five dates. As relevant to this case, § 29-3001(4)(d) provides:

A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

. . . .

. . . The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the

newly recognized right has been made applicable retroac-
tively to cases on postconviction collateral review[.]

Under *Mantich, supra*, decided in 2014, this court concluded
that the holding in *Miller* applies retroactively, and we there-
fore determine that Wetherell's motion is not time barred.

*Application of the Law.*

As stated above, *Miller* provides that "mandatory life with-
out parole for those *under the age of 18 at the time of their
crimes* violates the Eighth Amendment's prohibition on 'cruel
and unusual punishments.'" 132 S. Ct. at 2460 (emphasis
supplied). Section 28-105.02(1) provides in part that "the
penalty for any person convicted of a Class IA felony *for an
offense committed when such person was under the age of
eighteen years* shall be a maximum sentence of not greater
than life imprisonment and a minimum sentence of not less
than forty years' imprisonment." (Emphasis supplied.) See,
also, § 83-1,110.04. Thus, by their terms, both *Miller* and
§ 28-105.02 explicitly apply only to those persons who were
"under the age of eighteen years" when they committed
their offense.

The language of *Miller*, "under the age of 18," is clear.
132 S. Ct. at 2460. The holding in *Miller* applies to persons
who were "under the age of 18 at the time of their crimes"
and does not encompass persons such as Wetherell, who was
already 18 at the time of her crime. See *id*. The relief afforded
in *Miller* does not apply to Wetherell. We further observe that
Wetherell's reliance on § 28-105.02(1) as a basis for resen-
tencing is misplaced. Statutory interpretation is a question of
law. *State v. Kudlacz*, 288 Neb. 656, 850 N.W.2d 755 (2014).
We give the language of § 28-105.02(1) its plain and ordinary
meaning. See *Kudlacz, supra*. Section 28-105.02(1) applies to
persons who stand convicted of a Class IA felony for an offense
committed when such person was "under the age of eighteen
years." Wetherell factually was not under the age of 18 years at
the time of the offense, and she is not encompassed within the
provisions of § 28-105.02(1). We conclude that § 28-105.02(1)
does not apply to persons who committed the Class IA felony
offense when they were 18 years of age.

Wetherell concedes that she was 18 years old when she committed the offense for which she was convicted and acknowledges that both *Miller* and § 28-105.02(1) refer to offenders under the age of 18. She nevertheless contends that *Miller* applies to her case, because under Nebraska law, she was a "minor" at the time the offense was committed. Wetherell refers us to Neb. Rev. Stat. § 43-2101 (Cum. Supp. 2012), which states that "[a]ll persons under nineteen years of age are declared to be minors . . . ." She also points to Neb. Rev. Stat § 43-245 (Supp. 2013), which states that "[f]or purposes of the Nebraska Juvenile Code, unless the context otherwise requires: (1) [a]ge of majority means nineteen years of age . . . (9) [j]uvenile means any person under the age of eighteen." Wetherell therefore asserts that because she was 18 and a "minor" or a "juvenile" under various Nebraska statutes at the time she committed her offense, *Miller* applies to her case. She contends that the gist of *Miller* is directed to sentencing of minors and juveniles and that pursuant to *Miller*, her life sentence is unconstitutional and she should be resentenced by applying § 28-105.02. We reject this argument.

We recognize that as a general matter pursuant to § 43-2101, all persons under age 19 are considered to be "minors" in Nebraska. However, we stated in the controlling opinion in *State v. Johnson*, 269 Neb. 507, 519, 695 N.W.2d 165, 175 (2005):

> We think it is a proper reading of the Nebraska Revised Statutes that § 43-2101 sets the age of majority and that, *except where a statute references a specific age*, § 43-2101 defines "minor" for general purposes. Where the word "minor" is used elsewhere in the statutes without further definition, it may be presumed to have the general meaning declared under § 43-2101. Where the Legislature wishes to provide a different definition or wishes to proscribe conduct based on an age other than the age of majority, the Legislature will explicitly do so . . . .

(Emphasis supplied.) See, also, § 43-245 (providing that "*unless the context otherwise requires*: (1) [a]ge of majority means nineteen years of age" (emphasis supplied)).

In the instant case, the Legislature has explicitly provided that the sentencing provisions in § 28-105.02 apply to those persons who were under the age of 18 at the time of their offenses. That is, the Legislature has provided a specific quantifiable definition of age other than general terms such as "majority," "minority," "minor," or "juvenile." Therefore, the specific age that the Legislature has provided in § 28-105.02(1) will apply, and not the general definition of "minor" found in § 43-2101 as urged by Wetherell. Section 28-105.02 and our explanation are consistent with the U.S. Supreme Court in *Miller*, which explicitly limited its holding to those individuals who were under the age of 18 at the time of their crimes.

[6,7] Because Wetherell was undisputedly 18 years old when she committed her offense, neither *Miller* nor resulting resentencing under § 28-105.02 applies to her case. A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Dragon*, 287 Neb. 519, 843 N.W.2d 618 (2014). If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*. Where there is no justiciable issue, no hearing is required. Wetherell has failed to allege any facts in her motion which, if proved, constitute an infringement of her constitutional rights, and the records and files show that she is entitled to no relief. Upon our de novo review, we conclude that the district court did not err when it denied Wetherell's motion for postconviction relief without an evidentiary hearing.

[8] We note for completeness that to the extent that Wetherell does not rely upon *Miller* and generally claims that her sentence of life imprisonment without parole was unconstitutionally disproportionate to her offense and violates the cruel and unusual punishment provisions of the Nebraska and U.S. Constitutions, we reject this argument. An appellate court will not entertain a successive motion for postconviction relief

unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012). Wetherell's second motion for postconviction relief does not affirmatively show on its face that her claim that her sentence was unconstitutionally excessive, to the extent it does not rely on *Miller*, was not available at the time she filed her first motion for postconviction relief. As such, it is procedurally barred.

*Second Assignment of Error:*
*Appointment of Counsel.*

In her second assignment of error, Wetherell claims that the district court erred when it failed to appoint counsel to represent her on her second motion for postconviction relief. We conclude that because Wetherell's second motion for postconviction relief did not raise justiciable issues, the district court did not abuse its discretion when it did not appoint counsel prior to denying postconviction relief.

[9] We have recognized that there is no federal or state constitutional right to an attorney in state postconviction proceedings. *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010). Therefore, a person seeking postconviction relief is not entitled to appointment of counsel as a matter of right.

[10,11] Instead, under the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012), it is within the discretion of the trial court whether to appoint counsel to represent the defendant. *State v. Phelps*, 286 Neb. 89, 834 N.W.2d 786 (2013). When the defendant's motion presents a justiciable issue to the district court for postconviction determination, an indigent defendant is entitled to the appointment of counsel. *Id*. Where the assigned errors in the postconviction motion before the district court are either procedurally barred or without merit, establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant. *Id*.

The standards for determining whether discretion requires appointment of counsel are similar to those applied when

determining whether an evidentiary hearing is warranted, which are set forth above. As we have noted, Wetherell has not alleged facts sufficient to entitle her to an evidentiary hearing on her postconviction claim and the records and files show that she is entitled to no relief. Wetherell has raised no justiciable issue of law or fact, and therefore, the district court did not abuse its discretion when it did not appoint counsel.

## CONCLUSION

The relief afforded in *Miller* and resulting resentencing under § 28-105.02 apply to persons who were under the age of 18 at the time of their crimes and do not apply to Wetherell, because she was 18 years old at the time of her offense. Upon our de novo review, we determine that in her postconviction motion, Wetherell has failed to assert any facts which, if proved, constitute an infringement of her constitutional rights, and the records and files show she is entitled to no relief. Therefore, the district court did not err when it denied her postconviction motion without an evidentiary hearing and without appointing counsel.

AFFIRMED.

———————————

IN RE INTEREST OF GABRIELLA H.,
A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. RICARDO R., APPELLANT.
___ N.W.2d ___

Filed October 24, 2014.    No. S-13-900.

1.  **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.
2.  **Parental Rights: Abandonment: Words and Phrases.** For purposes of Neb. Rev. Stat. § 43-292(1) (Cum. Supp. 2012), "abandonment" is a parent's intentionally withholding from a child, without just cause or excuse, the parent's presence, care, love, protection, maintenance, and the opportunity for the display of parental affection for the child.
3.  **Parent and Child.** "Just cause or excuse" for a parent's failure to maintain a relationship with a minor child has generally been confined to circumstances that are, at least in part, beyond the control of the parent.