a favorable result, and, upon obtaining an unfavorable result, assert the previously waived error."[46] This assignment of error is without merit.

## V. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court in all respects.

Affirmed.

---

[46] *Trotter, supra* note 44, 262 Neb. at 467, 632 N.W.2d at 344.

---

State of Nebraska, appellee, v.
Antonio Banks, appellant.
___ N.W.2d ___

Filed December 5, 2014.    No. S-13-740.

1. **Jurisdiction: Appeal and Error.** An appellate court determines jurisdictional questions that do not involve a factual dispute as a matter of law.
2. **Effectiveness of Counsel: Appeal and Error.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
4. **Postconviction: Final Orders: Appeal and Error.** An order denying an evidentiary hearing on a postconviction claim is a final judgment as to that claim, and under Neb. Rev. Stat. § 25-1912 (Reissue 2008), a notice of appeal must be filed with regard to such a claim within 30 days.
5. **Jurisdiction: Time: Appeal and Error.** Failure to timely appeal from a final order prevents an appellate court's exercise of jurisdiction over the claim disposed of in the order.
6. **Postconviction: Constitutional Law: Proof.** A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution.

7. **Postconviction: Proof.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.

Appeal from the District Court for Lancaster County: Stephanie F. Stacy, Judge. Affirmed.

Antonio Banks, pro se.

Jon Bruning, Attorney General, and James D. Smith for appellee.

Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Wright, J.

## NATURE OF CASE

Antonio Banks appeals the order of the district court which overruled his amended motion for postconviction relief without an evidentiary hearing. We affirm.

## SCOPE OF REVIEW

[1] An appellate court determines jurisdictional questions that do not involve a factual dispute as a matter of law. *State v. Yuma*, 286 Neb. 244, 835 N.W.2d 679 (2013).

[2] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Robinson*, 287 Neb. 606, 843 N.W.2d 672 (2014). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *Robinson, supra*.

## FACTS

In 2007, Banks was convicted of first degree murder and use of a firearm to commit a felony in connection with the

2005 shooting death of Robert Herndon. Banks was sentenced to consecutive sentences of life imprisonment for first degree murder and 20 to 30 years' imprisonment for use of a firearm to commit a felony. On direct appeal, we affirmed his convictions and sentences. See *State v. Banks*, 278 Neb. 342, 771 N.W.2d 75 (2009). The facts underlying Banks' convictions are set forth in detail in our opinion resolving his direct appeal. See *id*. He was represented by attorneys from the Lancaster County public defender's office both at trial and on direct appeal.

In 2011, Banks filed a pro se motion for postconviction relief. He alleged that his trial counsel was ineffective for failing to (1) conduct a "reasonable pretrial investigation," (2) obtain leave of court to hire an investigator, (3) "call important witnesses who would have helped the defense support the theory of self-defense," (4) "pursue an affirmative defense of self-defense and request a jury instruction on self-defense," and (5) make a challenge under *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), claiming that the prosecution excluded qualified jurors on the basis of race. He also made general allegations of prejudice due to counsel's alleged ineffectiveness. The State moved to deny an evidentiary hearing and overrule Banks' motion for postconviction relief.

On March 23, 2012, the district court overruled in part and in part sustained the State's motion. The court concluded that Banks' first ineffective assistance of counsel claim regarding the alleged failure to conduct a reasonable pretrial investigation was "inadequately pled," because Banks did not "identify the witness or other exculpatory evidence that would have been discovered had his trial counsel performed the pretrial investigation [Banks] alleges was omitted." The court determined that Banks should have an opportunity to amend his motion to address the deficiency. It thus overruled the State's motion as to this claim and granted Banks leave to amend for the sole purpose of "specify[ing] the exculpatory witness or evidence that ought to have been discovered."

The district court concluded that Banks was not entitled to relief under any of the remaining ineffective assistance of

counsel claims. As to those claims, it sustained the State's motion to deny an evidentiary hearing and overruled Banks' motion. Banks did not timely appeal from the court's March 23, 2012, order.

Banks filed an amended pro se motion for postconviction relief. He alleged that his trial counsel was ineffective for failing to interview and investigate individuals named "John Ravlinson" and "Charles Bowling." Banks claimed that the testimony of Ravlinson and Bowling would have proved that Banks acted in self-defense and would have "contradicted the entire theory of the State's presumption of premeditated murder." As such, Banks argued that if his counsel had interviewed these witnesses and called them to testify at trial, several things would have been different: (1) "[A] self-defense instruction would have been submitted to the jury and Counsel would have been permitted to argue self-defense," (2) there "would have been a reasonable probability that the jury might have acquitted Banks," and (3) he "may have received a shorted [sic] prison term." In response to Banks' amended motion, the State renewed its motion to deny an evidentiary hearing.

On August 5, 2013, the district court sustained the State's motion to deny an evidentiary hearing and overruled Banks' amended motion for postconviction relief. The court concluded that Banks had "failed to state more than the mere conclusion that these witnesses would have supported a theory of self-defense." It explained that Banks failed to show how Ravlinson or Bowling could have provided any testimony in support of a theory of self-defense, because Bowling "was not present at the time of the murder" and Banks failed to explain "who . . . Ravlinson [was] or how he [was] related to the case." The court also noted that Bowling testified at Banks' trial and that Banks did not "specify what additional investigation or questioning he believes should have been conducted by his counsel with reference to . . . Bowling." Thus, the court concluded that the "records and files in this case clearly show[ed] that [Banks was] entitled to no relief," and it overruled Banks' amended motion for postconviction relief.

Banks timely appeals from the district court's August 5, 2013, order.

## ASSIGNMENTS OF ERROR

Banks assigns, consolidated and restated, that the district court erred by (1) disregarding his arguments concerning a *Batson* violation and (2) failing to grant him an evidentiary hearing.

## ANALYSIS

### Jurisdiction

[3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Alfredson*, 287 Neb. 477, 842 N.W.2d 815 (2014). The State argues that the district court's March 23, 2012, order dismissing four of Banks' five ineffective assistance of counsel claims was a final order; that Banks did not file a timely appeal from that order; and that as a consequence, we lack jurisdiction to consider any of the claims denied in that order. We agree.

[4,5] The district court's March 23, 2012, order was a final order as to all of Banks' claims except for the claim relating to the reasonableness of trial counsel's pretrial investigation, because it denied an evidentiary hearing on those claims. An order denying an evidentiary hearing on a postconviction claim is a final judgment as to that claim, and under Neb. Rev. Stat. § 25-1912 (Reissue 2008), a notice of appeal must be filed with regard to such a claim within 30 days. *State v. Robinson*, 287 Neb. 606, 843 N.W.2d 672 (2014). Failure to timely appeal from a final order prevents our exercise of jurisdiction over the claim disposed of in the order. *State v. Poindexter*, 277 Neb. 936, 766 N.W.2d 391 (2009).

Banks did not file a notice of appeal within 30 days of the March 23, 2012, order. The only notice of appeal filed by Banks was the one relating to the court's August 5, 2013, order, which was filed well outside the 30 days that he had to appeal from the March 23, 2012, order. Therefore, we lack jurisdiction to consider any assignments of error related to the claims that were denied without a hearing in the March 23, 2012, order,

including the claim that trial counsel was ineffective for failing to raise a *Batson* challenge.

### Ineffective Assistance of Counsel
### in Pretrial Investigation

The remaining assignment of error is whether the district court erred by denying an evidentiary hearing on Banks' ineffective assistance of counsel claim relating to the pretrial investigation. The court denied this claim in its August 5, 2013, order, from which Banks timely appealed.

[6,7] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution. *State v. Phelps*, 286 Neb. 89, 834 N.W.2d 786 (2013). If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*.

Banks was not entitled to an evidentiary hearing on his ineffective assistance of counsel claim relating to the pretrial investigation, because he alleged only conclusions of fact or law. He alleged that his trial counsel was ineffective for failing to interview and investigate individuals named "John Ravlinson" and "Charles Bowling." He claimed that if his counsel had interviewed these witnesses, they could have provided testimony at trial that would have supported a defense that Banks acted in self-defense. We note that at trial, "self-defense was not Banks' theory of the case," and that he did not testify. See *State v. Banks*, 278 Neb. 342, 366, 771 N.W.2d 75, 94 (2009).

Banks did not provide factual allegations to support his claim that Ravlinson and Bowling had information on whether Banks acted in self-defense. He did not allege what information Ravlinson and Bowling would have provided or what the substance of their testimony would have been. Banks failed to explain how Ravlinson's and Bowling's testimony would have been relevant to self-defense when there was no evidence or allegation that either was present when Herndon was shot.

Banks made only conclusory allegations that they could have "shed light on what actually took place."

The conclusory nature of Banks' allegations is illustrated by *State v. Davlin*, 277 Neb. 972, 766 N.W.2d 370 (2009). In that case, the defendant, Clifford J. Davlin, alleged that his trial counsel was ineffective for failing to offer the testimony of two specific witnesses named "Guilliatt" and "Davis." He claimed those witnesses could have provided "'important exculpatory and alibi evidence.'" See *id*. at 983, 766 N.W.2d at 380. We concluded that Davlin's motion was conclusory and did not warrant an evidentiary hearing:

> There is nothing in Davlin's motion (or indeed in the record) that would suggest the nature of the exculpatory evidence to which Guilliatt and Davis would testify. Nor is there any indication what alibi either might provide Davlin. Rather than providing any detail, Davlin alleges only conclusions of fact and law. Such are insufficient to support the granting of an evidentiary hearing.

*Id*. at 984, 766 N.W.2d at 380.

Davlin was not entitled to an evidentiary hearing even though he suggested that certain witnesses, if called to testify, would have established his alibi. We found such allegations to be conclusory, because Davlin did not allege specifically what the witnesses would have said or how that evidence would have established his alibi.

Similarly, Banks' allegation that Ravlinson and Bowling would have provided support for a theory of self-defense was conclusory and did not warrant an evidentiary hearing. The district court did not err in denying Banks' amended motion without an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, we affirm the district court's order which denied Banks' amended motion for postconviction relief without an evidentiary hearing.

AFFIRMED.

HEAVICAN, C.J., not participating.