Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/02/2018 08:38 AM CDT

State of Nebraska, appellee, v.
RaySean D. Barber, appellant.
___ N.W.2d ___

Filed September 25, 2018.    No. A-17-610.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.
2. **Postconviction: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.
3. **Effectiveness of Counsel.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.
4. **Effectiveness of Counsel: Appeal and Error.** When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.
5. ____: ____. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.
6. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
7. **Final Orders: Appeal and Error.** The three types of final orders which may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 2016) are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.
8. **Postconviction: Appeal and Error.** A motion for postconviction relief cannot be used to secure review of issues which were or could have

been litigated on direct appeal, no matter how those issues may be phrased or rephrased.

9. **Postconviction: Pleas: Waiver.** Normally, a voluntary guilty plea waives all defenses to a criminal charge.

10. **Postconviction: Pleas: Effectiveness of Counsel.** In a postconviction proceeding brought by a defendant because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel.

11. **Right to Counsel: Plea Bargains.** The plea-bargaining process presents a critical stage of a criminal prosecution to which the right to counsel applies.

12. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defendant.

13. ____: ____. To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.

14. **Trial: Effectiveness of Counsel: Presumptions: Appeal and Error.** In determining whether trial counsel's performance was deficient, there is a strong presumption that counsel acted reasonably.

15. **Effectiveness of Counsel: Proof.** To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

16. **Postconviction: Effectiveness of Counsel: Proof.** The defendant has the burden in postconviction proceedings of demonstrating ineffectiveness of counsel, and the record must affirmatively support that claim.

17. **Postconviction: Constitutional Law: Proof.** A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.

18. **Postconviction: Proof.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.

19. **Effectiveness of Counsel.** Defense counsel is not ineffective for failing to raise an argument that has no merit.

20. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

A. Michael Bianchi for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

This is a postconviction appeal following a plea-based conviction for motor vehicle homicide. RaySean D. Barber was sentenced to 20 to 20 years' imprisonment, and his conviction and sentence were summarily affirmed on direct appeal.

A hearing was held because a mistake appeared in the bill of exceptions. On December 2, 2016, the district court overruled the first claim in Barber's second amended motion for postconviction relief. On May 10, 2017, the district court overruled the remaining claims in Barber's second amended motion for postconviction relief. Barber now appeals the May 10 order. We affirm.

## II. BACKGROUND

### 1. PLEA HEARING AND DIRECT APPEAL

On April 15, 2013, Barber was charged by information with one count of motor vehicle homicide in the death of Betty Warren. The information alleged:

> On or about 3 February 2013, in Douglas County, Nebraska, . . . BARBER did then and there unintentionally cause the death of . . . WARREN while engaged in the unlawful operation of a motor vehicle, and while in violation of section 60-6,196 or 60-6,197.06, in violation of Neb. Rev. Stat. §28-306(1)&(3)(b) a Class III Felony.

A plea hearing was held on June 24, 2013. Barber's attorney informed the court that Barber wished to withdraw his

previous plea of not guilty and enter a plea of no contest to the charge, and Barber pled no contest. The bill of exceptions reflects that during the plea colloquy, the court advised Barber that the State was required to prove that he *intentionally* caused the death of the victim, when the State actually had to prove that he unintentionally caused the death of the victim.

The following factual basis was presented in support of the charge:

On February 3rd, 2013, here in Douglas County, Nebraska, [Barber] was observed by witnesses traveling southbound on Saddle Creek Road in excess of the speed limit. [Barber] approached the area of Saddle Creek and Poppleton Streets, where he was traveling approximately 98 miles per hour in a 35-miles-per-hour zone. [Barber] hit a curb, allowing him to lose control of his vehicle. He struck another car being driven by . . . Warren. . . . Warren was pronounced dead. An autopsy conducted by the Douglas County Coroner revealed that she died of internal injuries attributable to this car accident.

The police suspected that [Barber] was under the influence of a controlled substance and/or alcohol. His blood was tested, by virtue of him being transported for medical treatment, where he had a blood alcohol content of a .146.

All these events occurred here in Douglas County, Nebraska.

The district court found beyond a reasonable doubt that Barber understood the nature of the charge against him and the plea was made freely, knowingly, intelligently, and voluntarily, and that there was a factual basis to support the plea. The court accepted Barber's plea and found him guilty.

A sentencing hearing was held on October 1, 2013. After statements from the attorneys and Barber, the court sentenced Barber to 20 to 20 years' imprisonment.

On direct appeal, the sole assignment of error was that the district court erred by imposing an excessive sentence. This court summarily affirmed Barber's conviction and sentence. See *State v. Barber*, 21 Neb. App. xli (No. A-13-866, Jan. 23, 2014).

## 2. Postconviction Proceedings

After his conviction and sentence, Barber filed his first motion for postconviction relief on February 27, 2015. He amended his motion a number of times.

The most recent amended motion for postconviction relief, titled "Second Amended Motion for Post-Conviction Relief," was filed on October 17, 2016. In it, he alleges: (1) The trial court abused its discretion in failing to properly advise him of the nature of the charge; (2) "Plaintiff erred where he failed to make a distinct allegation of each essential element of the charge in the factual basis"; (3) trial counsel was ineffective for failing to move to dismiss the information, as it was insufficient and could not be used to convict him of the charged crime; (4) trial counsel was ineffective for failing to recuse herself; (5) trial counsel was ineffective for "making remarks against [Barber] which prejudiced the sentencing proceeding"; (6) trial counsel was ineffective for failing to bring an apology letter to the court and making certain statements with regard to the letter; and (7) trial counsel was ineffective for failing to review the presentence investigation report with Barber.

At a preliminary hearing on February 16, 2016, the State's attorney indicated that she had spoken to the court reporter and that, based on the court reporter's notes, the bill of exceptions contained an error in the advisement regarding the elements of the charged offense. Another preliminary hearing was held on June 28, and the court determined that an evidentiary hearing should be held.

On August 12, 2016, the State called the court reporter to testify. The court reporter testified that the bill of exceptions contained a mistake. She reviewed the section in question

and found that there was a "mistranslate in the steno notes." The "steno notes" are the official record, and when they were edited, she mistakenly "took off the 'un' that was clearly in [her] notes." The prefix "should have attached to intentionally." The court reporter checked her "backup audio which [was] synced with [her] steno notes" and found the court "clearly stated the word 'unintentionally' rather than 'intentionally'" at that point in the plea colloquy.

On December 2, 2016, the district court overruled Barber's postconviction motion on the issue of whether he was properly advised at the time he entered his plea. Barber did not appeal from this order.

The district court held a hearing on the State's motion to dismiss, and Barber was given the opportunity to respond to the State's motion in writing. On May 10, 2017, the district court overruled Barber's October 17, 2016, amended motion for postconviction relief in all respects. Barber filed a notice of appeal from the May 10, 2017, hearing on June 9.

### III. ASSIGNMENTS OF ERROR

Barber assigns that the district court erred in denying him due process of law because he was improperly advised regarding the elements of the charged crime and in granting the State a hearing to amend the record, but failing to award him an evidentiary hearing on the remaining claims in his motion for postconviction relief. He assigns that the district court erred in accepting his no contest plea without a sufficient factual basis to support it. He asserts the district court erred in failing to find that trial counsel was ineffective with regard to "various matters occurring at Barber's plea hearing and in relation to Barber's sentencing."

### IV. STANDARD OF REVIEW

[1,2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *State v. Alfredson*,

287 Neb. 477, 842 N.W.2d 815 (2014). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015).

[3-5] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *Id.*, citing *State v. Robinson*, 287 Neb. 606, 843 N.W.2d 672 (2014). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id.* With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Thorpe, supra.*

## V. ANALYSIS

### 1. Jurisdiction

[6,7] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Alfredson, supra.* The three types of final orders which may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 2016) are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998).

In *State v. Silvers, supra*, Thomas Silvers sought postconviction relief on two theories: double jeopardy and ineffective assistance of counsel. The district court filed an order which allowed the State 30 days to show cause or request a hearing regarding the double jeopardy issue and which denied the ineffective assistance of counsel claim. Silvers appealed from

that order. In the opinion, the Nebraska Supreme Court began by stating: "Because the district court left the issue of double jeopardy open to further proceedings and Silvers filed his appeal during that timeframe, we must first consider whether there is a final appealable order." *Id*. at 708, 587 N.W.2d at 331. The Supreme Court found that the order from which Silvers appealed "clearly affected a substantial right," *id.*, and determined that a postconviction action should be considered a "special proceeding" within the context of § 25-1902. Therefore, the Supreme Court found the order of the district court denying Silvers' claim for postconviction relief on the ineffective assistance of counsel claim was appealable under § 25-1902.

In this case, the district court entered two separate orders denying Barber's postconviction claims. The first order was issued on December 2, 2016, and the court addressed Barber's claim that he was not properly advised by the court in the plea dialogue of the elements of the offense for which he was convicted. In the December 2 order, the court found that there was an error in the transcription of the bill of exceptions and that the court reporter's notes and the tape recording of the dialogue establish the court properly advised Barber of the elements of the charged offense. Therefore, the district court found: "[Barber's] Motion for Postconviction Relief on this claim must fail." The court overruled Barber's motion for postconviction relief on this issue. The second order, entered on May 10, 2017, denied the remaining claims without an evidentiary hearing.

Following the reasoning set forth in *State v. Silvers, supra*, the December 2, 2016, order denying postconviction relief on Barber's first claim was an order which affected a substantial right in a special proceeding. Under Neb. Rev. Stat. § 25-1912 (Reissue 2016), to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court, a notice of appeal must be filed within 30 days after the entry of such judgment, decree, or final order.

Barber's notice of appeal, filed on June 9, 2017, is therefore untimely with respect to the December 2, 2016, order. Barber's right to appeal the December 2 order is time barred. Accordingly, our jurisdiction extends only to the assignments of error related to the postconviction claims which were denied in the May 10, 2017, order, as to which the appeal is timely.

## 2. Insufficient Factual Basis

Barber alleges the district court erred and denied him due process of law when it denied his claim that the plea was "infirm as a result of an insufficient factual basis to support it." Brief for appellant at 19.

First, Barber argues that the factual basis was insufficient because he was not properly advised of the elements of the crime because the bill of exceptions reflected that the word "intentionally" was used in the place of the word "unintentionally." The court determined that Barber was properly advised, because the official record shows that the word "unintentionally" was used, even though it was not reflected in the bill of exceptions. Barber did not appeal from the December 2, 2016, order, and therefore, this issue is time barred.

Further, Barber asserts the State "neglected to mention anything about causation in the factual basis." Brief for appellant at 20. Thus, he argues, "[T]he court accepted a guilty plea without an adequate factual basis as to how . . . Warren actually died." *Id.* at 20-21.

[8] A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). Barber's claim that the factual basis was insufficient with regard to causation could have been raised on direct appeal, therefore this claim is procedurally barred. See *id.* See, also, *State v. Boppre*, 280 Neb. 774, 790 N.W.2d 417 (2010).

### 3. Ineffective Assistance of Counsel

[9,10] Normally, a voluntary guilty plea waives all defenses to a criminal charge. *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011). However, in a postconviction proceeding brought by a defendant because of a guilty plea or a plea of no contest, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *Id.*

[11] Barber assigns that the district court erred by failing to determine that his counsel was ineffective in several respects. The plea-bargaining process presents a critical stage of a criminal prosecution to which the right to counsel applies. *State v. Alfredson*, 287 Neb. 477, 842 N.W.2d 815 (2014). As in any other ineffective assistance of counsel claim, we begin by reviewing Barber's allegations under the two-part framework of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[12-14] To prevail on a claim of ineffective assistance of counsel under *Strickland*, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defendant. *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *Id.* In determining whether trial counsel's performance was deficient, there is a strong presumption that counsel acted reasonably. *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018).

[15,16] To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Vanderpool, supra.* The defendant has the burden in postconviction proceedings of demonstrating ineffectiveness of counsel, and the record must affirmatively support that claim. *Id.*

[17,18] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion

contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Thorpe, supra.* If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.* Thus, in a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *Id.*, citing *State v. Phelps*, 286 Neb. 89, 834 N.W.2d 786 (2013).

## (a) Failure to Object

Barber asserts that trial counsel was ineffective for failing to object to the information. He asserts trial counsel should have objected to the information because it "fail[ed] to allege that the proximate cause of the death of [Warren] was [Barber's] operating a motor vehicle in violation of §60-6,196 or §60-6,197.06." He asserts that trial counsel should have objected when the court improperly advised him of the nature of the charge and that the State alleged insufficient information within the factual basis. Finally, he asserts counsel should have moved to dismiss the information because it did not satisfy the requirements of Neb. Rev. Stat. § 28-306(1) and (3)(b) (Cum. Supp. 2014).

[19] A review of the information shows that the State sufficiently charged the crime of motor vehicle homicide under § 28-306. The information alleged that Barber "did then and there unintentionally cause the death of . . . WARREN while engaged in the unlawful operation of a motor vehicle, and while in violation of section 60-6,196 or 60-6,197.06, in violation of Neb. Rev. Stat. §28-306(1)&(3)(b) a Class III Felony." Even if an objection had been made, it would properly have

been overruled, and even if the issue had been preserved and raised on appeal, it would not have resulted in a reversal of Barber's conviction. Defense counsel is not ineffective for failing to raise an argument that has no merit. See *State v. Burries*, 297 Neb. 367, 900 N.W.2d 483 (2017).

Even though the bill of exceptions contained an error, the record shows that the court properly advised Barber regarding the nature of the charge during the plea colloquy. Because Barber was properly advised, we cannot find trial counsel was deficient because she did not object to the advisement during the plea colloquy.

Barber asserts that the factual basis was insufficient to support his conviction. This issue was addressed in the December 2, 2016, order, from which Barber did not appeal. If this issue had been preserved, we find that Barber cannot show that *but for* counsel's failure to object, there is a reasonable probability that the outcome would have been different.

From our review of the record, the State provided an adequate factual basis with regard to causation. Section 28-306(1) provides that a person who causes the death of another unintentionally while engaged in the operation of a motor vehicle in violation of the law of the State of Nebraska or in violation of any city or village ordinance commits motor vehicle homicide. The State asserted that Barber was driving in excess of the speed limit and had a blood alcohol content of .146, which exceeds the statutory limit for a person in actual physical control of a motor vehicle. See Neb. Rev. Stat. § 60-6,196(1) (Reissue 2010). The State asserted that Barber struck a curb, lost control of his vehicle, and struck Warren's vehicle. The State asserted that the autopsy revealed that Warren died as a result of the injuries which were attributable to the accident. These facts adequately alleged causation. Defense counsel is not ineffective for failing to raise an argument that has no merit. See *State v. Burries, supra*.

For these reasons, we find the district court did not err in denying postconviction relief on this issue without an evidentiary hearing.

### (b) Failure to Recuse Herself

In his motion for postconviction relief, Barber asserted that his counsel should have recused herself due to a conflict of interest. This issue was not addressed in his brief on appeal. Accordingly, we will not address this issue. See *State v. Henry*, 292 Neb. 834, 875 N.W.2d 374 (2016) (alleged error must be both specifically assigned and specifically argued in brief of party asserting error to be considered by appellate court).

### (c) Ineffectiveness at Sentencing Hearing

In his motion for postconviction relief, Barber asserted that trial counsel made remarks at sentencing which were prejudicial. On appeal, Barber argues "counsel also proved ineffective at and in relation to sentencing." Brief for appellant at 25. He then refers to statements the district court made before pronouncing Barber's sentence. He also argues that counsel "made a number of comments" at sentencing which "hardly cast [him] in a more positive light." Brief for appellant at 27. He argues that counsel's performance did not rise to the level of a criminal defense attorney with ordinary training and skill in criminal law. However, Barber does not specifically assign and specifically argue which of trial counsel's statements were inappropriate or how he was prejudiced.

In his motion for postconviction relief, Barber also asserted that trial counsel was ineffective for failing to bring a letter to the court at the time of sentencing, an error which he asserted caused a number of issues for him at sentencing. On appeal, he asserts "counsel failed to bring an apology letter to the sentencing that Barber had provided her." *Id.* He suggests that he may have been "better off" handling the

sentencing hearing on his own, *id.*, but he does not go into detail regarding the contents of the letter or how it may have helped him.

[20] An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Henry, supra*. Because neither of these arguments with regard to counsel's performance at sentencing were specifically assigned and specifically argued, we do not reach the merits of these issues.

(d) Failure to Review Presentence
Investigation Report

Barber asserts trial counsel was ineffective for failing to review the presentence investigation report with him. Neb. Rev. Stat. § 29-2261(6) (Cum. Supp. 2014) provides, in part, that a court "may permit inspection of the [presentence investigation] report or examination of parts thereof by the offender or his or her attorney, or other person having a proper interest therein, whenever the court finds it is in the best interest of a particular offender." The plain language of the statute does not require an attorney to review the presentence investigation report with a defendant.

Barber asserts that counsel's failure to review the contents of the presentence investigation report with him prejudiced him "[f]or no other inference can be drawn by the district court's comments on the subject at sentencing and the maximum sentence it handed down." Brief for appellant at 27. Barber appears to argue that the court "truly had used the word 'intentionally,'" *id.* at 26, and that he was sentenced more harshly as a result. In other portions of his argument Barber argues that if trial counsel had "challenged" the court, *id.*, the court would have been on notice that Barber lacked the intent to commit this crime, that he lacked criminal history and education, and that he has been affected by injuries as a result of the crash on February 3, 2013.

The issue in the bill of exceptions was addressed in the December 2, 2016, order, from which Barber did not appeal. The information contains the word "unintentionally," and the official record kept by the court reporter indicates the court used the correct word at the plea hearing. There is no indication that the court needed to be "challenged" or reminded of the information contained in the presentence investigation report. Further, the record shows that "[i]n crafting an appropriate sentence," the court weighed the appropriate factors and the decision was most affected by Barber's blood alcohol content and the speed at which he was traveling when he lost control of the vehicle. Barber cannot show that he was prejudiced by counsel's alleged failure to review the contents of the presentence investigation report with him prior to the sentencing hearing. Thus, we find the court did not err in denying postconviction relief on this issue, without an evidentiary hearing.

## VI. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.