IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CAMPBELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DANIEL J. CAMPBELL, APPELLANT.

Filed November 5, 2019.    No. A-18-723.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Affirmed.

Gregory A. Pivovar for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

PIRTLE, Judge.

## I. INTRODUCTION

Daniel J. Campbell appeals the order of the Douglas County District Court denying his motion for postconviction relief without an evidentiary hearing and without appointing counsel. The district court held that Campbell's ineffective assistance of counsel claims did not warrant an evidentiary hearing because he failed to establish prejudice. The district court further held Campbell's claims of juror misconduct and improper jury instructions were issues that could have been brought on direct appeal and therefore were procedurally barred. For the reasons that follow, we affirm.

## II. BACKGROUND

### 1. TRIAL PROCEEDINGS AND DIRECT APPEAL

After a jury trial, Campbell was convicted of seven felonies: two counts of attempted assault on an officer (25 to 25 years' imprisonment), one count of discharging a firearm while in or in proximity of any motor vehicle at any person or occupied motor vehicle (10 to 10 years' imprisonment), three counts of use of a deadly weapon to commit a felony (10 to 10 years' imprisonment), and one count of possession of a deadly weapon by a prohibited person (10 to 10 years' imprisonment). The convictions were a result of Campbell's actions of firing a shotgun at two Nebraska State Patrol troopers as they were attempting to initiate a traffic stop of the vehicle Campbell was a passenger in. The sentences on each count were ordered to run consecutively, resulting in a total sentence of 100 to 100 years' imprisonment.

On direct appeal, we affirmed Campbell's convictions and sentences on all seven charges. See *State v. Campbell*, No. A-16-176, 2016 WL 6872979 (Neb. App. Nov. 22, 2016) (selected for posting to court website). We found that there was sufficient evidence to find Campbell guilty on all seven charges in the amended information and that the district court did not impose excessive sentences. *Id*.

Campbell was represented by the same attorney at trial and on direct appeal.

### 2. POSTCONVICTION PROCEEDINGS

In August 2017, Campbell filed a pro se motion for postconviction relief claiming ineffective assistance of trial and appellate counsel, juror misconduct, and improper jury instructions.

Campbell alleged his trial counsel was ineffective for (1) failing to argue his motions for new trial or withdraw and allow him to argue the motions himself; (2) continuing to represent him through the appeal despite obvious dissatisfaction with his performance; (3) failing to properly investigate and challenge the production of the weapon found months after the incident; (4) failing to challenge and properly cross-examine and impeach the State's witness, Marissa McCormack; (5) failing to seek independent testing of the firearm alleged to have been used in the incident; (6) failing to depose one of the State's witnesses, Christian Sipherd, and present to him a lineup to show that no identification of Campbell could be made; (7) failing to challenge and seek evaluation of McCormack's competency; (8) failing to object to testimony regarding Campbell's possession of the same or a similar shotgun days before the incident; (9) failing to challenge discussion between two witnesses in close proximity to one of the jurors as violating the sequestration order and denying Campbell a fair trial; (10) failing to challenge certain jury instructions as incomplete; (11) failing to seek an independent evaluation of DNA evidence to show it as inconclusive; (12) failing to have the gunshot residue testing that was done processed; and (13) failing to sequester the jury in light of a recent shooting of an Omaha police officer.

Campbell further alleged that certain communications between two of the State's witnesses made within close proximity of one of the jurors outside of the courtroom amounted to juror misconduct and the district court's failure to declare a mistrial or remove the juror from the case denied him a fair trial.

Finally, Campbell alleged that the jury was improperly instructed on the charge of discharging a firearm while in or in proximity of any motor vehicle at any person or occupied motor vehicle. Campbell argues that the instruction that was given to the jury improperly excluded the term "recklessly" and that such omission removed an essential issue or element of the case. Campbell correctly noted in his postconviction motion that no objection was made to any of the jury instructions at trial.

### 3. DENIAL OF POSTCONVICTION RELIEF

On July 9, 2018, the district court denied Campbell's motion for postconviction relief without an evidentiary hearing. It concluded that Campbell's claims of ineffective assistance of counsel were "generic" and failed to allege prejudice.

> [T]he facts alleged by [Campbell] relating to failure to investigate are generic, do not state what exculpatory evidence would have been gathered, or how a different result would have been obtained. Such facts are insufficient to warrant an evidentiary hearing. See *State v. Biloff*, 18 Neb. App. 215, 778 N.W.2d 497 (2009) (finding it insufficient to state counsel was ineffective in failing to properly investigate when defendant failed to include "allegations about what his attorney would have uncovered had his attorney interviewed witnesses or examined the evidence").

As to both of Campbell's claims of juror misconduct and improper jury instructions, the district court held that such claims were issues that could have been brought on direct appeal and were therefore procedurally barred. Campbell timely appeals.

## III. ASSIGNMENTS OF ERROR

Campbell assigns, restated, that the district court erred in (1) denying him an evidentiary hearing on his motion for postconviction relief based on allegations of ineffective assistance of counsel for failure to investigate and challenge the State's witnesses and evidence, (2) finding that his postconviction claim of juror misconduct was procedurally barred by failure to raise it on direct appeal, and (3) finding that his postconviction claim of improper jury instructions was procedurally barred by failure to raise it on direct appeal.

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *State v. Tyler*, 301 Neb. 365, 918 N.W.2d 306 (2018).

## V. ANALYSIS

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights

such that the judgment was void or voidable. *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Allen, supra*. Relief under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2016), is a very narrow category of relief. *State v. Allen, supra*.

On appeal from the denial of postconviction relief without an evidentiary hearing, the question is not whether the movant was entitled to relief by having made the requisite showing. *State v. Henderson*, 301 Neb. 633, 920 N.W.2d 246 (2018). Instead, it must be determined whether the allegations were sufficient to grant an evidentiary hearing. *Id*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *State v. Barber*, 26 Neb. App. 339, 918 N.W.2d 359 (2018) (citing *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015)). Thus, in a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

When, as here, a defendant was represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief. *State v. Henderson*, *supra*. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *Id*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*.

In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Alford*, 24 Neb. App. 213, 884 N.W.2d 470 (2016). A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *State v. Huston*, 302 Neb. 202, 922 N.W.2d 723 (2019). Because we find that Campbell did not establish actual prejudice in his motion for postconviction relief, we need not address whether his counsel's performance was deficient. We will address each of the claims of ineffectiveness raised by Campbell in turn.

### (a) Failure to Argue Motions for New Trial or Withdraw

Campbell asserts that trial counsel failed to argue his pro se motions for new trial, or otherwise withdraw as counsel so that Campbell had the opportunity to argue the motions on his own. Campbell argues that "continuing as counsel of record and prosecuting the appeal in this case wherein the appropriate issues were not briefed and argued to the court" caused him prejudice.

Brief for appellant at 28-29. However, Campbell fails to identify any of the issues raised in those motions or how trial counsel's failure to argue the motions at sentencing or withdraw would have changed the district court's decision to deny those motions. The record indicates that the district court reviewed Campbell's pro se motions for new trial and nevertheless made the decision to deny the motions. We find that Campbell has not shown prejudice by trial counsel's actions and this argument is without merit.

### (b) Continuing to Represent Campbell Through Appeal Despite His Dissatisfaction

Campbell asserts that trial counsel was deficient by "ignor[ing] the obvious dissatisfaction that his client had with him" and continuing to represent Campbell through the appeal of his case. Brief for appellant at 29. However, Campbell again has failed to provide any showing as to how the result of the appeal would have been different had his counsel withdrawn. In his postconviction motion, Campbell merely argues that continuing to represent him on appeal "further damaged the case" but fails to indicate what damage was done. Campbell has failed to show prejudice and his argument is without merit.

### (c) Failure to Properly Investigate and Challenge Production of Firearm

Campbell argues that trial counsel was deficient for failing to investigate and challenge the production of the firearm that was discovered several months after the incident. Specifically, Campbell argues that trial counsel should have conducted depositions regarding the discovery of the weapon, particularly the homeowner who found it. However, Campbell fails to provide any indication of what new or conflicting evidence would have been revealed had those depositions occurred. Campbell merely states in his postconviction motion that challenging the State's physical evidence, the firearm, "would have changed the outcome [of] the trial drasticly [sic]."

In *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018), the defendant argued that his trial counsel was ineffective for failing to hire a crime scene investigator to rebut inconsistencies in the testimony of one of the State's witnesses. Similarly, Campbell argues that the weapon's "miraculous appearance" should have been investigated further and depositions taken to devalue the use of the gun as evidence. Brief for appellant at 29. "A petitioner's postconviction claims that his or her defense counsel was ineffective in failing to investigate possible defenses are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence the investigation would have procured and how it would have affected the outcome of the case." *State v. Newman*, 300 Neb. at 792, 916 N.W.2d at 412 (citing *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012)). Campbell has not provided any indication of what further depositions surrounding the weapon, or other additional investigation, would have revealed or how it would have affected the outcome of the case. Campbell has not established prejudice and an evidentiary hearing was not warranted on this claim.

### (d) Failure to Challenge and Properly Cross-Examine and Impeach State's Witness Marissa McCormack

Campbell next argues that trial counsel was deficient for failing to challenge and adequately cross-examine and impeach the State's key witness, Marissa McCormack, the driver

of the vehicle involved in the incident. Campbell primarily argues that McCormack has a "history of mental illness and drug abuse" and that trial counsel should have "use[d] this to the advantage of [Campbell]." Brief for appellant at 30. Despite pointing out the fact that McCormack made three statements to police, and that they were inconsistent with one another, Campbell fails to allege what testimony his counsel would have elicited had he further cross-examined McCormack. See *State v. Newman*, 300 Neb. at 783, 916 N.W.2d at 407 (defendant's "allegation of failure to cross-examine a witness on a minor credibility issue is not sufficient to demonstrate either deficient performance or resulting prejudice").

As with the production of the weapon as evidence, Campbell asserts, in conclusory fashion, that proper cross-examination would have drastically changed the outcome of the case. There is no indication as to how trial counsel could have changed the outcome of Campbell's trial through cross-examination of McCormack, and Campbell has failed to establish prejudice on this claim.

### (e) Failure to Seek Independent Testing of Firearm

Campbell asserts that trial counsel was deficient for failing to seek independent testing of the firearm after it was discovered several months after the incident. While counsel in his brief suggests that independent testing of the firearm could have revealed "the possibility of other fingerprints" or otherwise casted doubt on the fact that the firearm was the same one used to fire at the troopers, there is nothing in the record, nor in Campbell's postconviction motion, to support such arguments. Brief for appellant at 31. A petitioner's postconviction claims that his or her defense counsel was ineffective in failing to investigate possible defenses are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence the investigation would have procured and how it would have affected the outcome of the case. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). Again, Campbell states that further investigation would have changed the outcome of the case, but fails to articulate how. Such conclusory statements are not sufficient to warrant an evidentiary hearing.

### (f) Failure to Depose Christian Sipherd

Campbell next argues that trial counsel was deficient in failing to depose and present a lineup to the State's witness, Christian Sipherd, who was performing snow removal at Rockbrook Village, an area being searched by police, the night of the incident. Campbell argues that Sipherd's testimony that he saw someone on the night of the incident, near the neighborhood Campbell was later arrested and the firearm discovered, "would have been rendered virtually useless" as he would have been unable to identify Campbell. Brief for appellant at 32. However, we find that Campbell has not shown a reasonable likelihood that absent this alleged deficiency, the outcome at trial would have been different.

The State's evidence included McCormack's testimony identifying Campbell as the passenger in her vehicle who fired the shots, physical DNA evidence tying Campbell to items left in McCormack's car, and the fact that the firearm was discovered in the neighborhood Campbell was found by police hiding in a vehicle the night of the incident, and was determined to be the same gun used to fire at the State Patrol troopers. Furthermore, Sipherd's testimony admitted that he could not identify Campbell as the person he saw that night with certainty. In light of all the

remaining evidence, which we considered on direct appeal, we find Campbell has not established prejudice.

### (g) Failure to Challenge Competency of McCormack

We have already discussed, in subsection (1)(d) of the analysis section in this opinion, the alleged deficiencies in trial counsel's approach to cross-examination and impeachment of the State's witness, McCormack. In similar fashion, Campbell alleges that an evaluation of McCormack's competency would have shown her testimony to be unreliable. However, Campbell fails to show how a competency evaluation would have affected the outcome of the trial. Evidence was introduced that McCormack used methamphetamine frequently, including the day of the incident, and would not take her prescribed medication when using the drug, which caused her to be unstable. On appeal, we likewise considered this evidence in Campbell's challenge to the sufficiency of the evidence. Nevertheless, we found there to be sufficient evidence and affirmed Campbell's convictions on all seven charges. Similarly, we find that the mere allegation that trial counsel failed to challenge the competency of McCormack did not establish prejudice and Campbell's claim did not warrant an evidentiary hearing.

### (h) Failure to Object to Testimony Regarding Campbell's
### Possession of Same or Similar Shotgun

In his postconviction motion, Campbell asserts that his trial counsel was deficient for failing to object, as improper character evidence under Neb. Rev. Stat. § 27-404 (Reissue 2016), to testimony by two of the State's witnesses that they had previously seen Campbell in possession of a firearm. Campbell claims this evidence was irrelevant because his DNA or fingerprints were never found on the weapon later recovered and identified as used during the shooting. However, in his brief, Campbell's counsel on this appeal argues that Campbell's trial counsel was deficient for failing to challenge testimony regarding Campbell's prior drug use through a motion in limine. We decline to address this issue.

Absent plain error, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as the trial court cannot commit error regarding an issue never presented and submitted to it for disposition. *State v. Lester*, 295 Neb. 878, 898 N.W.2d 299 (2017). Because the issue regarding Campbell's prior drug use was not raised in his postconviction motion, the district court could not have committed error in denying an evidentiary hearing on the alleged deficiency of trial counsel for failing to raise the issue through a motion in limine.

In regard to the issue raised in Campbell's postconviction motion, we find that Campbell has failed to sufficiently establish prejudice. There is no indication how exclusion of the testimony at issue would have affected the result of Campbell's trial, or even that such an objection would have been successful. Section 27-404 permits evidence of prior acts for purposes such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." At trial, the primary issue was whether Campbell was the shooter. Surely testimony regarding Campbell's possession of a shotgun, particularly one that compares to the one identified as used in the shooting, is relevant to issues such as the shooter's identity. Therefore, we find that Campbell has not established prejudice and an evidentiary hearing was not required.

### (i) Failure to Challenge Discussion Between Two Witnesses in Close Proximity to One of Jurors as Violating Sequestration Order and Denying Campbell Fair Trial

This issue was alleged as a separate ground for relief in Campbell's pro se motion for postconviction relief and is discussed in detail in subsection (2) of the background section in this opinion.

### (j) Failure to Challenge Jury Instructions as Incomplete

This issue was alleged as a separate ground for relief in Campbell's pro se motion for postconviction relief and is discussed in detail in subsection (3) of the background section in this opinion.

### (k) Failure to Seek Independent Evaluation of DNA Evidence

Campbell next argues that trial counsel was deficient for failing to hire an independent expert to analyze and evaluate the DNA evidence found on a toothbrush in McCormack's vehicle. Standing alone, this allegation is insufficient to warrant an evidentiary hearing. We find persuasive the district court's comparison to *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). In *Sellers*, the petitioner claimed his trial counsel was ineffective for failing to hire an independent investigator, consult a ballistics expert, review the crime scene, etc. The Nebraska Supreme Court found that such allegations were insufficient to warrant an evidentiary hearing, as they did not establish prejudice.

> However, [the petitioner] failed to allege how undertaking the above activities would have produced a different outcome at trial. More specifically, he did not identify any exculpatory evidence that the activities would have procured. As the district court observed, his allegations consisted solely of conclusory statements, such as, "'[I]f trial and/or appellate counsel would have investigated and hired an investigator to fully investigate the case at bar, there surely would have been a different outcome in [his] trial.'"
>
> Such conclusory allegations are insufficient to establish the prejudice prong of the *Strickland* test. We have previously observed that a petitioner's postconviction claims that his or her trial counsel was ineffective in failing to investigate possible defenses are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence that the investigation would have procured and how it would have affected the outcome of the case. And in assessing postconviction claims that trial counsel was ineffective in failing to call a particular witness, we have upheld dismissal without an evidentiary hearing where the motion did not include specific allegations regarding the testimony which the witness would have given if called.

*Id.* at 27-29, 858 N.W.2d at 587.

Here, Campbell again fails to allege prejudice with any sort of particularity. While Campbell alleges that his trial counsel should have hired an expert to testify regarding match probabilities surrounding the DNA evidence acquired from items in McCormack's vehicle, he fails to identify a specific witness that should have been called, or what they would have testified to.

Similar to *Sellers*, this allegation does not sufficiently allege what exculpatory evidence would have been elicited through expert testimony and how it would have affected the outcome of the trial, and was insufficient to warrant an evidentiary hearing.

### (l) Failure to Have Gunshot Residue Testing Processed

Campbell asserts trial counsel was deficient for failing to request processing of the gunshot residue (GSR) testing that was done on Campbell the night of the incident. It is Campbell's contention that the results of the GSR testing would "prove the innocence of [Campbell]" and "show that there was reasonable doubt as to having fired a weapon on that evening." Brief for appellant at 36. However, we find that any deficiency in failing to process the GSR testing does not create a reasonable probability that the result of Campbell's trial would have been different. By its very nature, gunshot residue is susceptible to being shaken or washed off with ease. Therefore, its absence alone does little to establish an individual did not recently fire a weapon.

At trial, State Trooper Anthony Sattlefield testified that testing of GSR kits is available upon request by the prosecution or defense based on factors that determine "whether or not it adds value to the investigation[.]" In this case, one factor in determining the value of GSR testing was the fact Campbell had been walking around snowy areas for up to an hour. Based on the other evidence introduced at trial, and the minimal value GSR testing would have added to this case, we find that trial counsel's failure to seek processing of the GSR testing was not sufficient to undermine confidence in the outcome of Campbell's trial. Therefore, Campbell has not established prejudice and an evidentiary hearing was not required.

### (m) Failure to Sequester Jury

Finally, Campbell alleges that his trial counsel was deficient for failing to sequester the jury in light of a highly publicized officer-involved shooting that resulted in the death of an Omaha police officer. Campbell alleges the proximity in time of the officer's death to his trial "shed unfavorable light" on him to the jury. Despite the contention that Campbell "would have chosen to have the jury sequestered, but counsel failed to give him the choice" there is no indication how sequestration of the jury would have changed the outcome of the trial. Brief for appellant at 36. Therefore, Campbell's claim is without merit and an evidentiary hearing was not required.

### 2. JUROR MISCONDUCT

Campbell's next assignment of error is that the district court improperly denied his motion for postconviction relief on the basis of juror misconduct without first holding an evidentiary hearing. Campbell argues that the claim asserted in his postconviction motion was incorrectly construed by the district court as a direct challenge to alleged juror misconduct, rather than a claim of ineffective assistance of counsel for failure to preserve the issue and raise the misconduct on direct appeal.

Even if we assume that Campbell properly asserted this claim as alleging ineffective assistance of counsel, we find that it is without merit. Whether a criminal defendant is claiming juror misconduct, or ineffective assistance of counsel, he or she must establish prejudice under either theory. See *State v. Harrison*, 264 Neb. 727, 651 N.W.2d 571 (2002). As previously

mentioned, to establish prejudice under an ineffective assistance of counsel claim, a defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Alford*, 24 Neb. App. 213, 884 N.W.2d 470 (2016). A reasonable probability is such that is sufficient to undermine confidence in the outcome. *State v. Huston*, 302 Neb. 202, 922 N.W.2d 723 (2019). However, because we find that the records and files affirmatively show that Campbell was not entitled to relief based on the alleged juror misconduct, any purported deficiency by trial counsel was not prejudicial, and therefore an evidentiary hearing was not required.

A criminal defendant claiming jury misconduct bears the burden of proving, by a preponderance of the evidence, (1) the existence of jury misconduct and (2) that such misconduct was prejudicial to the extent that the defendant was denied a fair trial. *State v. McSwine*, 24 Neb. App. 453, 890 N.W.2d 518 (2017). In this case, Campbell alleges that he was denied a fair trial when two of the State's witnesses were observed by defense counsel discussing the case in the hallway during a recess near one of the jury members. After the incident at issue took place, Campbell's attorney immediately notified the trial judge of what he had observed. Campbell's attorney was outside the courtroom when he noticed two of the State's witnesses, who had not yet testified, talking about Campbell's arrest. One of the witnesses, State Trooper Trinity Jones, indicated that he was prepared to fire his weapon under the circumstances. One of the jurors was standing nearby as the conversation took place.

Campbell's attorney indicated that he immediately intervened and informed Jones that he was not permitted to discuss the case. Campbell's attorney informed the court that the conversation took place "in direct earshot of [the juror]" and that the witnesses were within five feet of the juror. The trial judge then proceeded to call in the juror and asked whether she had heard anyone discussing the case during the recess. The juror indicated that she had not. Because we find that the record indicates the juror was not influenced by any outside discussion of the case by the State's witnesses, Campbell has not shown he was prejudiced by trial counsel's failure to preserve and raise the issue on appeal. This claim is without merit and it was not in error for the district court to deny an evidentiary hearing.

### 3. IMPROPER JURY INSTRUCTIONS

Campbell's final assignment of error is that the district court improperly denied his motion for postconviction relief on the basis of improper jury instructions without first holding an evidentiary hearing. Campbell argues that the claim asserted in his postconviction motion was incorrectly construed by the district court as a direct challenge to an error in the jury instructions given at trial, rather than a claim of ineffective assistance of counsel for failure to preserve the issue and raise the purported error on direct appeal.

A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). On direct appeal of Campbell's convictions, the only issues raised were the sufficiency of the evidence and whether the sentences were excessive. See *State v. Campbell*, No. A-16-176, 2016 WL 6872979 (Neb. App. Nov. 22, 2016) (selected for posting to court website). Aside from the fact that the propriety of the jury

instructions was not raised on direct appeal, the trial record indicates that no objection was made to any of the jury instructions at trial. Failure to object to a jury instruction after it has been submitted to counsel for review precludes raising an objection on appeal absent plain error indicative of a probable miscarriage of justice. *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013). Therefore, if Campbell's postconviction claim is construed as a direct challenge to the jury instructions given at trial, it is procedurally barred and the district court did not err in denying the claim without an evidentiary hearing.

Even if we assume, without deciding, that Campbell's claim was appropriately raised as an ineffective assistance of counsel claim, the district court did not err in denying the claim without an evidentiary hearing. As previously mentioned, an evidentiary hearing is not required "when the records and files affirmatively show that the defendant is entitled to no relief." *State v. Barber*, 26 Neb. App. 339, 345, 918 N.W.2d 359, 366 (2018).

In his postconviction motion, Campbell asserts "instructions #10 and 4" removed an essential element from the jury on the charge of Discharging a Firearm While in or in Proximity of any Motor Vehicle at any Person or Occupied Motor Vehicle. However, the record shows instruction No. 4 dealt with the presumption of innocence and instruction No. 10 dealt with the definition of evidence. In his brief, counsel for Campbell refers to instruction Nos. 2 and No. 5, which we note cover the substantive matter addressed in Campbell's postconviction motion. Instruction No. 2 reads, in pertinent part:

> In Count 6 of the Amended Information the Defendant is charged with Discharging a Firearm While in or in Proximity of any Motor Vehicle at any Person, Occupied Motor Vehicle. The State alleges in substance that:
>
> On or about February 5, 2015, in Douglas County, Nebraska, Daniel J. Campbell did then and there being a person, within the territorial boundaries of any city of the first class or county containing a city of the metropolitan class or primary class, unlawfully, knowingly, and intentionally discharged a firearm, while in any motor vehicle at or in the general direction of any person or occupied motor vehicle.

Instruction No. 5 reads, in pertinent part:

> The material elements which the State must prove by evidence beyond a reasonable doubt in order to convict the Defendant of the crime of Discharging a Firearm While in or in Proximity of any Motor Vehicle at any Person or Occupied Motor Vehicle, as charged in Count 6 of the Amended Information are:
>
> 1. That on or about February 5, 2015, in Douglas County, Nebraska, the Defendant Daniel J. Campbell, did then and there being a person, within the territorial boundaries of any city of the first class or county containing a city of the metropolitan class, unlawfully, knowingly, and intentionally discharge a firearm, while in any motor vehicle or in the proximity of any motor vehicle that such person has just exited, at or in the general direction of any person or occupied motor vehicle as defined in section 71-4603.
> 2. That the Defendant did so intentionally.

Campbell argues that both instruction No. 2 and instruction No. 5 are incomplete statements of the relevant statute, Neb. Rev. Stat. § 28-1212.04 (Reissue 2016), as both omit the term "recklessly" from their language. Section 28-1212.04 reads as follows:

> Any person, within the territorial boundaries of any city of the first class or county containing a city of the metropolitan class or primary class, who unlawfully, knowingly, and intentionally or recklessly discharges a firearm, while in any motor vehicle or in the proximity of any motor vehicle that such person has just exited, at or in the general direction of any person, dwelling, building, structure, occupied motor vehicle, occupied aircraft, inhabited motor home as defined in section 71-4603, or inhabited camper unit as defined in section 60-1801, is guilty of a Class IC felony.

Campbell asserts that the omission of the term "recklessly" from both jury instructions had the effect of removing an essential issue or element of the case from the jury and resulted in confusion to the jury and an incorrect verdict. We disagree.

The *mens rea* component of § 28-1212.04 requires that the State prove a defendant act "unlawfully, knowingly, *and* intentionally *or* recklessly . . ." (emphasis supplied). Therefore, the State must only prove beyond a reasonable doubt that the defendant act intentionally *or* recklessly, not both. It is clear from instruction No. 5, part 2, and the evidence adduced at trial, that the State was attempting to prove Campbell *intentionally* committed the crime. Proving intent is a higher burden than proving recklessness, and there was nothing misleading to the jury about omitting the word "recklessly" from the jury instructions. Because the jury found that the State proved Campbell acted intentionally beyond a reasonable doubt, and we affirmed the sufficiency of the evidence on direct appeal, Campbell's claim is refuted by the record and without merit. The district court, therefore, was not required to hold an evidentiary hearing.

## VI. CONCLUSION

For the foregoing reasons, we affirm the order of the district court denying Campbell's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.